UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60425
Summary Calendar
_____


S. MICHAEL CASHIO,

                                    Plaintiff - Appellant,

                    versus

ALPHA GULF COAST, INC., doing business as Bayou Caddy's
Jubilee Casino; GEORGE BAXTER, President,

                                    Defendant - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
(1:94-CV-321-BRR)
_____
December 21, 1995

Before KING, SMITH and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

    Plaintiff S. Michael Cashio appeals from a summary judgment in

favor of defendants Alpha Gulf Coast, Inc. and George Baxter.  We

affirm.

    On June 21, 1994, Cashio, a member of the Mississippi bar, was

gambling at a casino operated by the defendants.  While playing

_____

[*]  Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the court has determined that this opinion
should not be published.

blackjack, casino personnel determined that Cashio was using a technique of "card-counting" which, while neither illegal nor cheating, in their opinion gave him an unfair advantage. While Cashio was "cashing in" to leave, casino personnel confronted him, escorted him to his car, and advised him not to return or he would be subject to arrest as a trespasser.[1] Cashio sued the casino alleging intentional infliction of emotional distress, defamation, and unspecified federal constitutional violations.[2]

The defendants moved for summary judgment. The district court granted summary judgment on the basis that, as a matter of law, the incident did not rise to the level of intentional infliction of emotional distress or defamation. Further, the court rejected Cashio's argument that the Mississippi statute allowing private businesses to refuse service to any person was either trumped by the Mississippi Gaming Control Act or was unconstitutional. This appeal ensued.

We review a summary judgment under well-established standards. Blakeney v. Lomas Info. Sys., Inc., 65 F.3d 482, 484 (5th Cir. 1995); see Sterling Property Management, Inc. v. Texas Commerce Bank, Nat'l Ass'n, 32 F.3d 964, 966 (5th Cir. 1994). Summary judgment is proper if, when viewing the evidence in the light most

---

[1] Casino personnel contend that they merely read Cashio the Mississippi statute that allows private businesses to refuse service to any person and that those who fail to comply are guilty of trespass. See Miss. Code Ann. § 97-23-17(1)-(3) (1994). Cashio alleges he was accused of trespassing. For purposes of summary judgment we will adopt Cashio's version on the encounter.

[2] Cashio's second supplemental complaint averred that being accused of the crime of trespassing was in violation of his rights under the First, Fourth, Fifth, and Fourteenth Amendments.

favorable to the nonmovant, the moving party establishes that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Sterling, 32 F.3d at 966.

The district court properly denied Cashio's claim of intentional infliction of emotional distress. Under Mississippi law, recovery for intentional infliction of emotional distress requires "something about the defendant's conduct which evokes outrage or revulsion." Leaf River Forest Prods., Inc. v. Ferguson, 1995 WL 611717, at *10 (Miss. Oct. 19, 1995) (quoting Sears, Roebuck & Co. v. Devers, 405 So.2d 898, 902 (Miss. 1981)). The complained of conduct must be "extreme and outrageous." Burris v. South Cent. Bell Tel. Co., 540 F. Supp. 905, 909 (S.D. Miss. 1982). Liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Id. Even adopting Cashio's description of the encounter with casino personnel, as a matter of law, no reasonable juror could conclude that the conduct rose to the level of "extreme and outrageous." Summary judgment was therefore proper.

To prevail on the defamation claim, Cashio must prove: (1) a false and defamatory statement, (2) unprivileged publication to a third party, (3) fault amounting at least to negligence, and (4) special harm or actionability irrespective of special harm. Chatham v. Gulf Publishing Co., 502 So.2d 647, 649 (Miss. 1987). In this case, there is no summary judgment evidence that anyone other than Cashio and the two casino employees heard the word "trespass" used. In fact, there is no evidence that any words spoken to the plaintiff were overheard. Consequently, Cashio

3

cannot prevail on his defamation claim because there is no publication to a third party.

Cashio's final argument on appeal is that section 97-23-17, allowing private businesses to refuse service to any person, is either unconstitutional or repugnant with the Mississippi Gaming Control Act. This point is meritless. Cashio cites no relevant authority[3] to support his claim that section 97-23-17 is unconstitutional. As for repugnancy with the Gaming Control Act, quite simply, the two statutes are compatible and not repugnant. Compare Miss. Code Ann. § 97-23-17 (1994) (allowing private business to refuse service) with Mississippi Gaming Control Act, Miss. Code Ann. § 75-76-35 (1994) (requiring Mississippi Gaming Commission to create a list of prohibited persons whose presence poses a threat to the interests of the state or to licensed gaming).

The summary judgment is AFFIRMED.

---

[3]    Cashio's single cited case, Kreimer v. Bureau of Police for Town of Morristown, 958 F.2d 1242 (3d Cir. 1992), concerns First Amendment rights in the context of a limited public forum, a public library, and is inapplicable to a privately-owned business.

4